IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
)
vs. ) Criminal No. 99-0101
)
WAYNE FINNEY )
)

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                            June 13, 2008

On October 6, 2000, following a jury trial, the court sentenced defendant, Wayne Finney, to a term of imprisonment of 210 months. This sentence represented the lowest end of the then-applicable guideline range of 210 to 262 months. As a result of Amendment 706 ("Crack Amendment"), defendant's guideline range has now been reduced to 168 to 210 months imprisonment. Defendant has, therefore, filed a supplemental motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) [Doc. No. 376].

In his motion, defendant seeks a reduction of his sentence to the lowest end of the now-applicable guideline range, 168 months. Defendant further requests, however, that the court impose an even lower sentence of between 120 and 168 months imprisonment [Doc. No. 376 at ¶6]. For the reasons set forth below, defendant's motion will be granted in part and denied in part.

I.  BACKGROUND

Defendant's current sentence stems from this court's finding that the amount of crack cocaine involved was between 50 and 150 grams. This quantity of crack resulted in an offense level of 32, which was enhanced by two levels due to the presence of a firearm. An offense level of 34 and defendant's Criminal History Category of IV resulted in a guideline range of 210 to 262 months imprisonment. This court sentenced defendant Finney to the lowest end of that range, 210 months imprisonment.

Effective November 1, 2007, the U.S. Sentencing Commission adopted the Crack Amendment, a retroactive amendment that modified the guideline ranges for crack offenses by decreasing "by two levels the base offense level for crack cocaine offenses." U.S. v. Wise, 515 F.3d 207, 219 (3d Cir. 2008) (citing U.S.S.G. § 2D1.1 (Nov. 1, 2007)). A court may reduce a defendant's sentence consistent with the Crack Amendment pursuant to 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) states:

> Modification of an imposed term of imprisonment. - The court may not modify a term of imprisonment once it has been imposed except that - ... (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is

2

>                consistent with applicable policy statements
>                issued by the Sentencing Commission.

Applying the Crack Amendment in the present case, defendant Finney's offense level is lowered from 34 to 32, reducing the applicable guideline range to 168 to 210 months imprisonment.

## II. SENTENCE REDUCTION TO 168 MONTHS

Consistent with the Crack Amendment and pursuant to 18 U.S.C. § 3582(c)(2), defendant moves the court to reduce his sentence to 168 months. The government does not oppose this request [Doc. No. 380] and the reduction in defendant's sentence to 168 months is proper.[1] Defendant's motion is, therefore, GRANTED as to his request to reduce his sentence to 168 months.

## III. BOOKER

Defendant also requests that this court further reduce his sentence to a term between 120 and 168 months imprisonment. Defendant argues that the court has the discretion to do so under U.S. v. Booker, 543 U.S. 220 (2005). In support of this argument, defendant cites the decision of U.S. v. Hicks, 472 F.3d 1167, 1169 (9th Cir. 2007), wherein the Court of Appeals for the Ninth Circuit

---

[1] In deciding whether to grant a § 3582(c)(2) reduction, the court is required to consider the danger posed by a reduction in defendant's term of imprisonment and may consider defendant's post-sentencing conduct. See U.S.S.G. § 1B1.10 Application Note 1(B).

held that, under Booker, the Sentencing Guidelines, as well as the Sentencing Commission's policy statements, are merely advisory. The court is neither persuaded by defendant's argument or the decision in Hicks.

The court agrees with the recent decision of the District Court of Maine, U.S. v. Julien, No. 01-CR-25-P-S, 2008 WL 1933340, *1-2 (D. Me. May 2, 2008), that: (1) the Sentencing Commission's policy statements limit the district court's sentence reduction jurisdiction; and (2) Booker does not apply to § 3582(c)(2) reductions.

The starting point for this analysis is the general rule that "[t]he court may not modify a term of imprisonment once it has been imposed ...".) 18 U.S.C. § 3582(c); see also Wise, 515 F.3d at 220 ("Generally, a district court may not alter a term of imprisonment once it has been imposed.") Section 3582(c)(2), which specifically relates to sentence reductions stemming from the Sentencing Commission's lowering of Guideline ranges, is a statutory exception to this rule. Id; see also Julien, 2008 WL 1933340 at *1. The exception, however, explicitly limits the authority of district courts in effecting such a reduction. 18 U.S.C. § 3582(c)(2), as set forth above, "limits the [c]ourt to sentence reductions that are 'consistent with applicable policy statements issued by the Sentencing Commission.'" Julien, 2008 WL 1933340 at *1 (quoting 18 U.S.C. § 3582(c)(2)). As such, the

4

authority of this court to reduce defendant Finney's sentence is limited by the applicable policy statement(s). See Wise, 515 F.3d at 221.

Here, the applicable policy statement is U.S.S.G. § 1B1.10. Subsection (b)(2)(A) of the policy statement plainly states the following limitation for district courts: "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range ...".[2] U.S.S.G. § 1B1.10(b)(2)(A). Application Note 3 to this policy statement reinforces the unambiguous language of subsection (b)(2)(A) as follows:

> Specifically, if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum term of imprisonment provided by the amended guideline range ....

Application Note 3 gratuitously provides the following illustration:

> For example, in a case in which: (A) The guideline range applicable to the defendant at the time of sentencing was 41 to 51 months;

---

[2] The one exception to this limitation is where the original term of imprisonment imposed was less that the applicable guideline range at the time of sentencing. See U.S.S.G. § 1B1.10.(b)(2)(B). As defendant was originally sentenced within the guideline range at the time of sentencing, that exception does not apply here.

5

> (B) the original term of imprisonment imposed was 41 months; and (C) the amended guideline range determined under subsection (b)(1) is 30 to 37 months, the court shall not reduce the defendant's term of imprisonment to a term less than 30 months.

Here, the guideline range applicable to defendant at the time of sentencing was 210 to 262 months; the original term of imprisonment imposed was 210 months; and the amended guideline range determined under subsection (b)(1) is 168 to 210 months. Clearly, based upon § 1B1.10, this court may not reduce defendant's term of imprisonment to a term less than 168 months. In fact, the court lacks the jurisdiction to impose such a sentence. See Julien, 2008 WL 1933340 at *1.

Contrary to defendant's argument, Booker does not alter this analysis because it does not apply to § 3582(c)(2) motions. The Court of Appeals for the Third Circuit made this point clear in the unpublished opinion of U.S. v. Sanchez, No. 05-2636, 2005 WL 1798284, *1 (3d Cir. 2005):

> ... § 3582(c)(2) permits a reduction of sentence as a result of a subsequent amendment of the Guidelines by the Sentencing Commission, not based on a decision of the Supreme Court that is unrelated to an actual amendment of the Guidelines.

Other Courts of Appeals that have addressed this issue, with the exception of the Ninth Circuit, agree that Booker does not apply to sentence reductions under § 3582(c)(2). See U.S. v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) ("Booker is a Supreme Court

6

decision, not a retroactively applicable guideline amendment by the Sentencing Commission. Therefore, Booker is inapplicable to 3582(c)(2) motions"); U.S. v. Rodriquez-Pena, 470 F.3d 431, 433 (1st Cir. 2006); Cortreal v. U.S., 486 F.3d 742, 744 (2nd Cir. 2007) (per curiam), U.S. v. Carter, 500 F.3d 486, 490-91 (6th Cir. 2007), U.S. v. Price, 438 F.3d 1005, 1007 (10th Cir. 2006).

This court is not persuaded by the holding in Hicks, for the same reasons articulated by the district court in Julien:

> [T]he [c]ourt does not find Hicks to be persuasive regarding the application of Booker to all sentence reductions done pursuant to § 3582(c)(2). Rather, the Sixth Amendment concerns that motivated the Booker court to declare the Guidelines advisory are simply not in play in the context of a sentence reduction under § 3582(c)(2).

Julien, 2008 WL 1933340 at *2 (citations omitted).

Accordingly, defendant's motion is DENIED as to his request to reduce his sentence below 168 months.

BY THE COURT:

_____, J.

cc: All Counsel of Record

7